Argued and submitted December 11, 1995, affirmed March 27, 1996

Mildred ZELL,
*Respondent,*

*v.*

Lawrence FELLNER,
*Defendant,*

*and*

VALLEY INSURANCE COMPANY,
a California corporation,
*Appellant.*

VALLEY INSURANCE COMPANY,
a California corporation,
*Cross-Claim Plaintiff,*

*v.*

Lawrence FELLNER,
*Cross-Claim Defendant.*

VALLEY INSURANCE COMPANY,
a California corporation,
*Third Party Plaintiff,*

*v.*

ALLSTATE INSURANCE COMPANY,
an Illinois corporation,
*Third Party Defendant.*

(9309-06043; CA A86434)

914 P2d 23

Thomas W. Brown argued the cause for appellant. With him on the briefs were Kathleen J. Tesner and Cosgrave, Vergeer & Kester.

Kathryn H. Clarke argued the cause and filed the brief for respondent. With her on the brief was Jan Baisch.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

■     Plaintiff was injured in an automobile accident involving defendant Fellner, who is not involved in this appeal. Plaintiff filed this action, alleging in count one a claim for personal injury against Fellner and in count two a claim for "contractual underinsured motorist coverage" against defendant Valley Insurance Company (defendant), based on its failure to provide underinsurance motorist (UIM) coverage under a motor vehicle insurance policy issued to plaintiff. Defendant appeals from the judgment for plaintiff, entered after a jury verdict. The only assignment of error concerns the trial court's denial of defendant's motion *in limine* to preclude plaintiff's counsel from mentioning in front of the jury plaintiff's UIM limits under the policy.

At trial, the parties stipulated that defendant Fellner's negligence was the cause of plaintiff's claimed injuries, that he was underinsured within the meaning of plaintiff's policy and that plaintiff's medical expenses of $20,000 were reasonable and necessary. Defendant also agreed that plaintiff was entitled to recover her medical expenses and additional noneconomic damages of $15,000 to $25,000. Plaintiff's negligence claim against Fellner had alleged damages in the amount of $300,000 as a result of her personal injury. Her claim against defendant did not contain a separate allegation of damages; it merely incorporated the paragraph alleging damages as a result of Fellner's negligence. Further, although it did not allege "breach" of contract by defendant, it did allege that defendant had "failed and refused to honor its contract of insurance with plaintiff." Defendant had pleaded as an affirmative defense that plaintiff's UIM coverage limits were $300,000, but there was no dispute as to that fact.

On the morning of trial, defendant filed a motion *in limine*, seeking to prevent plaintiff's counsel from arguing to the jury the limits of plaintiff's UIM coverage, contending that the only disputed issues for the jury were the nature and extent of plaintiff's injuries and the proper amount of noneconomic damages.

"* * * [Plaintiff's counsel] wants to tell the jury that [defendant's] underinsured motorist coverage is $300,000. We

take the position of [defendant] that the amount of coverage is not relevant to any of the issues in the lawsuit. The prayer in this case is $300,000, that's all she would be entitled to recover under the prayer. And the fact that she's got $300,000 worth of coverage is not relevant to the nature and extent of her injuries and reasonable compensation for those injuries which we believe are the issues in this case."

The trial court denied the motion, reasoning that the UIM limits are terms of the contract that plaintiff was seeking to enforce and are relevant to prove her entitlement to coverage under the policy.

In both his opening statement and closing argument, plaintiff's counsel told the jury that plaintiff had $300,000 of UIM insurance coverage. The jury returned a verdict of $150,000, and judgment was entered on the verdict for $115,000, which took into account offsets for a settlement payment by Fellner's insurer of $25,000 and a payment of $10,000 under the policy for personal injury protection.

Defendant concedes that a reasonable jury could have awarded plaintiff $150,000 and that the verdict is supported by the evidence. Defendant argues, however, that a reasonable jury "could also have given her a lot less," and that plaintiff's counsel's statement and argument incorrectly focused the jury's attention on the *existence* of insurance coverage as the basis for an award of damages, rather than on legal principles that guide the determination of noneconomic damages in a personal injury case.

We conclude that the error, if any, does not require reversal.[1] The jury was instructed that the lawyers' opening statement and closing arguments are not evidence. It was further instructed that, under Oregon law, plaintiff is entitled to recover "an amount of money that would reasonably compensate her for the bodily injuries or personal injuries Mr. Fellner caused her," and that under plaintiff's policy with defendant, defendant "will pay [plaintiff] any damages for

---

[1] We are aware that in the context of a *personal injury action*, evidence concerning the existence of collateral source benefits is inadmissible and its admission is reversible error. *Reinan v. Pacific Motor Trucking Co.*, 270 Or 208, 527 P2d 256 (1974). Here, of course, the existence of insurance was known to the jury, as there was no dispute as to liability, only as to damages.

bodily injury which she is legally entitled to recover from either an uninsured or an underinsured driver." The correctness of the instructions has not been disputed, and we presume that the jury adhered to them. *DeMaris v. Whittier*, 280 Or 25, 569 P2d 605 (1977). The award was within the policy limits and defendant concedes that it is a reasonable award supported by the evidence. Defendant offers nothing to support its claim that it was harmed by the reference to policy limits. We see no reason to overturn the jury verdict in the absence of such a showing.

Affirmed.